```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**PAMELA CHAMBERS, GUARDIAN**                                    **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:04CV833-WHB-JCS**

**TERRY MCGEE, ET AL.**                                          **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on Defendant Terry McGee's Motion to Dismiss, to which Plaintiff failed to respond. The Court finds that the Motion is well taken and should be granted.

McGee filed the subject Motion to Dismiss on February 10, 2006. Plainitff failed to respond to the subject Motion, and the time limit for filing a Response has expired. Therefore, pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[1] the Court finds that the Motion to Dismiss is well taken and should be granted.

The ground on which Defendants seek dismissal is failure to state a claim for which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When dismissal is based on Rule 12(b)(6), the dismissal is with prejudice in most

---

[1] Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

circumstances. However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985); Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 493-95 (5th Cir. 1980). Based on the holdings in John and Arundar, the claims asserted by Plaintiff against McGee must be dismissed *without* prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Terry McGee's Motion to Dismiss (docket entry no. 22) is hereby granted. Because McGee has counter-claims pending in this case, she is not dismissed as a party from this suit.

SO ORDERED this the 9th day of March, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct